IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JENITH FLEX, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 5:24-cv-06601-JMG |
| | : | |
| ALLENTOWN POLICE PENSION FUND ASSOCIATION, *et al.*, | : | |
| | : | |
|     Defendants. | : | |

**MEMORANDUM OPINION**

**GALLAGHER, J.**                                                                                             **May 14, 2025**

### I.     Background

Plaintiff Jenith Flex alleges she was deprived of her property right to surviving spouse disability pension benefits without due process of law. ECF No. 1, at 2. Plaintiff married Anthony Scocca ("the decedent") a police officer for the City of Allentown in 2011. *Id*. at ¶¶ 20-21. Shortly after receiving a cancer diagnosis in 2019, the decedent stopped working as a police officer. *Id*. at ¶ 25. In January 2020, the decedent applied for and received a disability retirement pension from the City of Allentown. *Id*. at ¶ 32. About one month later, the decedent moved into his parents' home. *Id*. at ¶ 38. During the decedent's time living with his parents and up until his death, Plaintiff alleges that the decedent's father and sister, George and Dina Scocca, "engaged in [a] three (3) year intentional and reckless campaign to estrange Plaintiff from her sick and dying husband, freeze Plaintiff out of joint accounts with her husband, divest Plaintiff of insurance benefits and other financial benefits required for the care of her husband, fraudulently manipulated the finances of Plaintiff and her husband, falsified marriage information to the Commonwealth of Pennsylvania after the death of Plaintiff's husband, and cruelly and maliciously spearheaded efforts to deprive

Plaintiff of police pension benefits that are still due and owing to Plaintiff." *Id*. at ¶¶ 138, 142. The decedent passed away on March 30, 2022. *Id*. at ¶ 90. Shortly thereafter, "Plaintiff received a call from Defendant Jeff Glazier, informing her that Scocca's parents were contesting her claim to [the decedent's] police pension on the basis that Plaintiff had 'abandoned' the marriage." *Id*. at ¶ 98. The Allentown Police Pension Fund Association ("APPFA") held a hearing on Plaintiff's entitlement to the decedent's pension benefits followed by a "written opinion and Order denying Plaintiff pension benefits on the basis that she willfully and maliciously deserted the marriage." *Id*. at ¶¶ 103, 107.

Plaintiff filed a three-count Complaint on December 11, 2024, alleging violations of 42 U.S.C. § 1983 and intentional infliction of emotional distress under Pennsylvania state law. ECF No. 1. Pending before this Court are Defendants George and Dina Scocca's ("Scocca Defendants") Motion to Dismiss, and Defendants Allentown Police Pension Fund Association, Matthew Tuerk, Jeff Glazier, Bina Patel, Cory Marsteller, Ryan Koons, Iboyla Balog, Bryan Guzeley, James Gress, Daryl Hendricks, and Eric Stauffer's ("Pension Board Defendants") Motion to Dismiss. ECF Nos. 21, 28.

## II. Standard

"To survive a motion to dismiss [under Federal Rule of Procedure 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of

2

action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). "Although we must accept the allegations in the complaint as true, 'we are not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation.'" *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013), *as amended* (June 14, 2013) (quoting *Baraka v. McGreevey,* 481 F.3d 187, 195 (3d Cir.2007)).

### III. Discussion

#### A. Rooker-Feldman Doctrine

The Scocca Defendants first allege that Plaintiff's lawsuit is barred by the Rooker-Feldman doctrine which "prohibits a litigant from attacking the results of state-court litigation in federal court." *Shaikh v. Dep't of Banking & Ins., Div. of Ins.*, 2024 WL 1929966, at *8 (D.N.J. Apr. 30, 2024). However, "[t]he Supreme Court has made clear ... that the *Rooker-Feldman* doctrine only applies to state judicial proceedings, not administrative or legislative proceedings." *Id*. (quoting *Nat'l R.R. Passenger Corp. v. Pa. Public Utility Com'n*, 342 F.3d 242, 257 (3d Cir. 2003)); *Stone v. New Jersey Admin. Off. of the Cts.*, 557 F. App'x 151, 153 (3d Cir. 2014) ("*Rooker–Feldman* does not bar review of claims never decided by the state courts.). *Verizon Md., Inc. v. Public Serv. Comm'n of Md.,* 535 U.S. 635, 644 n. 3 (2002) ("The doctrine has no application to judicial review of executive action, including determinations made by a state administrative agency."). Here, Plaintiff's lawsuit is attacking the decision of the APPFA, a state administrative agency. As Defendants admit, Plaintiff did not file an appeal with the Lehigh County Court of Common Please, and, therefore, the Rooker-Feldman doctrine does not apply in the absence of an affirmative state court decision. ECF No. 21, at 7,9; *see Shaikh*, 2024 WL 1929966, at *8; *Kaul v. Christie*, 372 F. Supp. 3d 206, 243 (D.N.J. 2019).

### B. Private Individual Liability Under § 1983

The Scocca Defendants next argue that because they are not employed by a government entity, they cannot be subject to Section 1983 liability. ECF No. 21, at 9. "[A] private individual may be liable under Section 1983 if he willfully participates in a joint action or conspiracy with the state actor to deprive the plaintiff of a constitutional right." *Gallagher v. Green*, 146 F.Supp.3d 652, 660 (E.D. Pa. 2015) (internal citation and quotation omitted). "To establish liability on the part of the private actor, the Plaintiff must show that there was an agreement, understanding or 'meeting of the minds' to violate [Plaintiff's] rights." *Id*. (internal citation and quotation omitted); *Startzell v. City of Phila., Pa.*, 533 F.3d 183, 205 (3d Cir. 2008); *see Mikhail v. Kahn*, 991 F. Supp. 2d 596, 645 (E.D. Pa.), *aff'd*, 572 F. App'x 68 (3d Cir. 2014) *(*quoting *Great W. Mining & Mineral Co.,* 615 F.3d 159, 178 (3d Cir. 2010) ("he must plead 'enough factual matter (taken as true) to suggest that an agreement was made, in other words, plausible grounds to infer an agreement'"). To survive a motion to dismiss:

> A plaintiff alleging a § 1983 conspiracy must plead with particularity the "circumstances" of the alleged wrongdoing in order to place the defendants on notice of the precise misconduct with which they are charged. Only allegations of conspiracy which are particularized, such as those addressing the period of the conspiracy, the object of the conspiracy, and certain actions of the alleged conspirators taken to achieve that purpose, will be deemed sufficient....[A]n inference [of conspiracy] ... from the Complaint ... [is] no substitute for the requirement that the circumstances of the conspiracy be pleaded with specificity.

*M & M Stone Co. v. Pennsylvania,* 2008 WL 4467176, *20, (E.D. Pa. Sept. 29, 2008).

Plaintiff's Complaint alleges:

Defendant George Scocca and Defendant Dina Scocca engaged in three (3) year intentional and reckless campaign to estrange Plaintiff from her sick and dying husband – Anthony Scocca - freeze Plaintiff out of joint accounts with her husband, divest Plaintiff of insurance benefits and other financial benefits required for the care of her husband, fraudulently manipulated the finances of Plaintiff and her husband, falsified marriage information to the Commonwealth of Pennsylvania after the death of Plaintiff's husband, and cruelly and

> maliciously spearheaded efforts to deprive Plaintiff of police pension benefits that are still due and owing to Plaintiff by collaborating with and exercising malicious influence upon the Allentown Police Pension Fund Association.

ECF No. 1, at 2. Although this Complaint proposes a general timeframe and object of the alleged conspiracy, it fails to allege specific conduct regarding a meeting of the minds or an agreement between the Scoccas and the APPF or its Board Members to violate Plaintiff's rights. "By contrast, as the Third Circuit Court of Appeals explained in *Great Western Mining & Mineral Co.,* the claim of '*specific conduct*' 'that the private party defendants had bribed the state-court judge to cause him to issue an injunction in their favor'" was sufficient to allege an agreement had been made. *Mikhail*, 991 F. Supp. 2d at 646 (quoting *Great W. Mining & Mineral Co.*, 615 F.3d at 179). "A conspiracy cannot be found from . . . adverse rulings absent specific facts demonstrating an agreement to commit the alleged improper actions." *Capogrosso v. The Supreme Ct. of New Jersey*, 588 F.3d 180, 185 (3d Cir. 2009). In the absence of allegations of specific conduct, the Court cannot infer from the adverse ruling and legal conclusions in the Complaint that there was a conspiracy. Plaintiff has failed to meet the heightened requirements for pleading a conspiracy. Therefore, she is precluded from bringing a Section 1983 claim against the Scocca Defendants as private individuals.[1]

### C. Intentional Infliction of Emotional Distress

The Scocca Defendants also claim that Plaintiff has failed to allege facts to support an intentional infliction of emotional distress (IIED) claim against them. ECF No. 21, at 12. "To plead a plausible claim of intentional infliction of emotional distress under Pennsylvania law, a plaintiff

---

[1] The Scocca Defendants also allege they are entitled to both testimonial immunity and qualified immunity. ECF No. 21, at 10-12. However, given the Court's finding that the Scoccas cannot be held liable under Section 1983 because they are private individuals, the Court does not need to reach the alternatives issues of testimonial and qualified immunity.

must allege that: (1) the defendant's conduct was extreme or outrageous; (2) the conduct was intentional or reckless; (3) the conduct caused emotional distress; and (4) the plaintiff's distress is severe." *Kardosh v. McCallin*, 2025 WL 1314090, at *5 (E.D. Pa. May 5, 2025). "To recover under this theory, the conduct must be 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Robinson v. American Reading Co.*, 2025 WL 1243058, at *6 (E.D. Pa. April 29, 2025) (quoting *Banyas v. Lower Bucks Hosp.,* 437 A.2d 1236 (Pa. Super. Ct. 1981)). Taken in the light most favorable to Plaintiff, the facts demonstrate that the Scoccas transferred money out of Plaintiff's joint bank account while her husband was incoherent, incorrectly informed Plaintiff that the hospital would not permit her to visit the decedent, took over Plaintiff's joint accounts to pay bills without her permission, falsified the decedent's signature on a life insurance designation form replacing Plaintiff as the beneficiary, inaccurately informed the funeral director that Plaintiff and the decedent were divorced, and re-titled Plaintiff's vehicles and had them towed from her apartment parking area without her knowledge. ECF No. 1, at ¶¶ 41, 49-50, 53-54, 64, 69-71, 93, 97. As a result, Plaintiff has experienced severe emotional distress including panic attacks, anxiety, trouble sleeping, humiliation, fight or flight responses, and feelings of helplessness. *Id*. at ¶ 145. The Court finds these factual allegations sufficient to state a claim for IIED against the Scoccas, as their alleged targeted efforts to estrange Plaintiff from her husband and intimidate Plaintiff into giving up her marital rights and assets could be considered extreme and outrageous. *See id*. at ¶ 142-43.

### D. Quasi-Judicial Immunity

The Pension Board Defendants first allege that to the extent they are being sued in their official capacities; they are entitled to quasi-judicial immunity because their role is "'functionally

comparable' to that of a judge." ECF No. 28, at 3. In determining whether a government official's job function is quasi-judicial, a court must balance six factors known as the *Butz* factors:

> (a) the need to assure that the individual can perform his functions without harassment or intimidation; (b) the presence of safeguards that reduce the need for private damages actions as a means of controlling unconstitutional conduct; (c) insulation from political influence; (d) the importance of precedent; (e) the adversary nature of the process; and (f) the correctability of error on appeal.

*Keystone Redevelopment Partners, LLC v. Decker*, 631 F.3d 89, 95 (3d Cir. 2011) (quoting *Cleavinger v. Saxner,* 474 U.S. 193, 202 (1985)); *Butz v. Economou*, 438 U.S. 478, 512 (1978).

Plaintiff does not appear to contest whether the Pension Board Members perform certain adjudicatory functions including distributing pensions and designating beneficiaries and would generally be entitled to quasi-judicial immunity. *See* ECF No. 29, at 9-10 (restating Defendants' characterization of their adjudicatory functions and remarking that "purporting to adjudicate the issue of fault divorce is *well outside* of the APPF's described adjudicatory functions."). However, in any event, after evaluating the *Butz* factors, the Court concludes that the individual APPF Board Members were performing functions comparable to that of a judge when they issued the opinion that Plaintiff had forfeited her right to surviving spouse pension benefits. Although not every *Butz* factor must be satisfied, the Court finds at least four of the six factors weigh in favor of a finding of quasi-judicial immunity here. *Keystone*, 631 F.3d at 100. With the exception of the mayor who is an elected official, the other Board members are "determined by the City of Allentown Code," and, therefore, insulated from political influence. ECF No. 28, at 6. The Board's decisions are "constrained by outside law" and not "purely discretionary" because it "is required by statute to consider [precedent from] the Municipal Police Pension Law, the City of Allentown Police Pension Fund Ordinance and is required to make findings and explain its reasoning in written opinions." *Id*.; *Keystone*, 631 F.3d at 98. Pension Board hearings are adversarial under *Keystone* because the Board is required to give affected parties reasonable notice of a hearing and an opportunity to be

heard, parties may present evidence and witness testimony in support of their case, and parties may cross examine opposing parties' witnesses. *Keystone*, 631 F.3d at 99. Finally, erroneous Pension Board decisions can be corrected on appeal by the Court of Common Pleas. ECF No. 28, at 7.

However, "[t]he fact that an administrative agency performs certain adjudicatory functions will not justify the extension of quasi-judicial immunity to non-adjudicatory functions of the same agency. . . Moreover, quasi—judicial immunity will not apply to actions taken by officials within a quasi-judicial branch of a state administrative agency that fall outside of their adjudicatory function." *Pollina v. Dishong*, 98 A.3d 613, 621–22 (Pa. Super. 2014) (internal citations omitted). Plaintiff's larger concern is that "deciding an issue of fault divorce [was] not within the scope of" the Pension Board's adjudicatory functions. *Id*. at 9. Therefore, Plaintiff argues that the Board Members should not be entitled to quasi-judicial immunity. Defendants allege that the Board was permitted and required to make findings of fact and law as to whether "Plaintiff 'maliciously or willfully' abandoned the decedent as the basis for prohibiting her from receiving his pension benefits" under administrative procedure laws. ECF No. 28, at 10. Moreover, Defendants point to 1 Pa. C.S. § 1921(c) which permits Pennsylvania administrative agencies to consider "other statutes upon same or similar subjects" to discern the intention of the General Assembly where the words of a statute are ambiguous. *Id*. at 10-11. Therefore, Defendants argue that the Pension Board was permitted to consider Pennsylvania divorce and intestate law to aid its determination of whether Plaintiff had willfully deserted her marriage because there was no guidance in Pension Fund Ordinance. *See* ECF No. 1, at ¶ 11 ("The Ordinance does not indicate how the Association is to determine if a spouse 'willfully or maliciously' deserted a retired police officer."). The Court agrees and finds that the Pension Board was acting within the scope of its adjudicatory function when it made the factual and legal determination that Plaintiff had willfully deserted the decedent

"for at least one year prior to his death," thereby forfeiting her right to surviving spouse pension benefits. Ex. A, ECF No. 21, at 17-18. The Court further disagrees with Plaintiff's characterization of the APPFA opinion as purporting to grant her a fault divorce in the absence of the presence of the aggrieved spouse. ECF No. 29, at 4, 6.

The individual Pension Board Members are, therefore, entitled to quasi-judicial immunity, and Plaintiff's claims against them are dismissed.

### E. Due Process

The Pension Board Defendants next allege that Plaintiff has failed to state a claim under Section 1983 for either a substantive or procedural due process violation. "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a person acting under color of state law engaged in conduct that violated a right protected by the Constitution or laws of the United States. *Morrow v. Balaski*, 719 F.3d 160, 165–66 (3d Cir. 2013), *as amended* (June 14, 2013).

#### a. Substantive Due Process

"To establish a substantive due process claim, a plaintiff must prove the particular interest at issue is protected by the substantive due process clause and the government's deprivation of that protected interest shocks the conscience." *Chainey v. Street*, 523 F.3d 200, 219 (3d Cir. 2008).[2] "In other words, here, plaintiffs must have been deprived of a fundamental property interest under the

---

[2] The Pension Board Defendants also correctly point out that Plaintiff cannot bring a due process claim against them under the Fifth Amendment because they are not federal actors. The Court agrees. "A due process cause of action under the Fifth Amendment against state actors is not actionable under section 1983. The Fifth Amendment's Due Process Clause applies to the federal government, while the Fourteenth Amendment's Due Process Clause applies to state and local governments. Section 1983 is a vehicle by which plaintiffs can assert claims against state actors, making the Fourteenth Amendment the proper constitutional amendment to assert due process protections claims." *Garrett v. Sheeley*, 2023 WL 4844051, at *2 (N.D.W. Va. Feb. 6, 2023). To the extent Plaintiff seeks to raise a Fifth Amendment due process claim against Defendants, it is dismissed. Her due process claims will be analyzed under the Fourteenth Amendment.

Constitution." *Id*. "Deprivation violates due process only when it 'shocks the conscience,' which encompasses 'only the most egregious official conduct.'" *Id*. (quoting *United Artists Theatre Circuit, Inc. v. Twp. of Warrington,* 316 F.3d 392, 400 (3d Cir.2003)). It is important to note that "'not all property interests worthy of procedural due process protection are protected by the concept of substantive due process' . . . Rather, a property interest must be 'fundamental' under the United States Constitution to be subject to substantive due process protection." *Gikas v. Washington Sch. Dist.*, 328 F.3d 731 (3d Cir. 2003) (quoting *Reich v. Beharry*, 883 F.2d 239, 244 (3d Cir. 1989)).

The parties dispute whether Plaintiff has a protected property interest in her spousal pension benefits. Our sister court, the Middle District of Pennsylvania, "has previously determined that a pension benefit is not a fundamental right entitled to substantive due process protection." *Brace v. Cnty. of Luzerne*, 873 F.Supp.2d 616, 626 (M.D. Pa., 2012), *aff'd*, 535 F. App'x 155 (3d Cir. 2013). Plaintiff, in opposition to the Pension Board Defendants' Motion to Dismiss, argues that her case is stronger than the others decided in this Circuit because she was already receiving the pension benefits, not claiming a future right to them. ECF No. 25, at 14. However, the decisions of the Middle District found "a pension benefit, whether vested or unvested, does not constitute property entitled to substantive due process protection in the Third Circuit." *Kegolis v. Borough of Shenandoah,* 2006 WL 3814311, at *3 (M.D. Pa. Dec. 27, 2006). That holding was specifically applied in the context of a plaintiff who was already receiving benefits in *Brace v. County of Luzerne. Brace v. Cnty. of Luzerne*, 873 F.Supp.2d 616 (M.D. Pa., 2012), *aff'd*, 535 F. App'x 155 (3d Cir. 2013). In *Brace*, the plaintiff, a retired Deputy Clerk who had been receiving regular retirement benefits, subsequently entered into a written Plea Agreement for Corrupt Receipt of a Reward for Official Action Concerning Programs Receiving Federal Funds, and as a result, had

10

his benefits terminated by the Retirement Board. *Id.* at 619. The Court in *Brace* determined that the plaintiff failed "to allege that he was denied a property interest entitled to substantive due process protection," and this Court reaches the same conclusion. *Id*. at 626.

Even if Plaintiff had a protected property interest in the decedent's pension benefits, her substantive due process claim would fail because "[her] allegations do not support 'conscious shocking behavior entitl[ing] Plaintiff to relief.'" *Brace,* 873 F.Supp.2d at 627 (quoting *Schimes v. Barrett*, 2010 WL 1330179, at *8 (M.D. Pa. Mar. 30, 2010), *aff'd* 427 F. App'x 138 (3d Cir. 2011)). "'Conduct intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level.'" *Schimes v. Barrett*, 427 F. App'x 138, 142 (3d Cir. 2011) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998)). Plaintiff has not shown that the state actors denying her right to pension benefits acted with the intent to injure her in some unjustifiable way. The alleged conduct by the Pension Board "purporting to decide an issue of law reserved exclusively to the jurisdiction of the Courts of the Commonwealth of Pennsylvania" is not conscious shocking behavior sufficient to state a claim for a substantive due process violation. ECF No. 1, at ¶ 133.

Plaintiff has failed to state a claim for substantive due process, and her claim is dismissed.

### b. Procedural Due Process

"To state a claim under § 1983 for deprivation of procedural due process rights, a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'" *Hill v. Borough of Kutztown*, 455 F.3d 225, 233–34 (3d Cir. 2006) (quoting *Alvin v. Suzuki,* 227 F.3d 107, 116 (3d Cir.2000)). "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. [Sh]e

11

must have more than a unilateral expectation of it. [Sh]e must, instead have a legitimate claim of entitlement to it." *Board of Regents v. Roth,* 408 U.S. 564, 577 (1972).

The Pension Board Defendants appear to only dispute the second element of this claim, whether Plaintiff was deprived of her property interest without due process of law. *See* ECF No. 28, at 9 (Defendants conceding that Plaintiff's "property right is established [for procedural due process purposes] under the Municipal Police Pension Law and the City of Allentown Home Rule Charter"). "A deprivation of property should 'be preceded by notice and opportunity for hearing appropriate to the nature of the case.'" *Templin v. Weaknecht*, 2020 WL 1028054, at *2 (E.D. Pa. Mar. 2, 2020) (quoting *Cleveland Bd. of Educ. v. Loudermill*, 740 U.S. 532, 542 (1985). "However, 'a state cannot be held to have violated due process requirements when it has made procedural protection available and the plaintiff has simply refused to avail himself of them.'" *Id*. (quoting *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000)); *Templin*, 2020 WL 1028054, at *3. "If there is a process on the books that appears to provide due process, the plaintiff cannot skip that process and use the federal courts as a means to get back what he wants." *Alvin*, 227 F.3d at 116.

Here, Plaintiff admits that she was given notice of the hearing, prompting her to submit sixty pages of exhibits for the Pension Board's consideration. ECF No. 1, at ¶¶ 103, 106. However, she alleges that she was "unable to secure counsel in time for the hearing and informed counsel for the [Pension Board] of the need to adjourn on multiple occasions." *Id*. at ¶ 105. Therefore, it is Plaintiff's opinion that the Board's written decision based on a hearing that neither her nor her deceased husband could attend deprived Plaintiff of due process of law.[3] She further restates the

---

[3] Plaintiff also alleges that an attorney at the Pension Board hearing represented both the Scoccas proceedings and the adjudicatory body itself. ECF No. 29, at 16. However, this allegation is not contained in Plaintiff's Complaint, and therefore, the Court will not consider this fact. *Ahmed v. Wells Fargo Bank, NA*, 432 F. Supp. 3d 556, 561–62 (E.D. Pa. 2020) (quoting *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) ("In deciding a motion to dismiss, 'courts generally consider

argument raised in opposition to the Pension Board Defendants' quasi-judicial immunity: that the Board exceeded the scope of its authority when it essentially decided the issue of fault divorce without the presence of Plaintiff or her husband as the aggrieved spouse. For the reasons discussed above, the Court is not persuaded by this argument and does not think the decision of the Board as to willful abandonment in the context of spousal pension benefits goes so far as to decree an official divorce.

Defendant argues that the Board did provide Plaintiff with notice and an opportunity to respond, but Plaintiff failed to appear at the hearing. ECF No. 28, at 10. Moreover, Defendant alleges that Plaintiff had an additional procedural remedy available to her, an appeal. *See* Title 2 § 753(a) ("A party who proceeded before a local agency under the terms of a particular statute, home rule charter, or local ordinance or resolution shall not be precluded from questioning the validity of the statute, home rule charter or local ordinance or resolution in the appeal); 42 Pa. C.S.A. §933(2) (conferring jurisdiction on the courts of common pleas to hear appeals from government agencies). "We have determined that 'a state provides adequate due process when it provides 'reasonable remedies to rectify a legal error by a local administrative body.'" *Schimes v. Barrett*, 427 Fed. Appx. 138, 141 (3d Cir. 2011) (quoting *Bello v. Walker,* 840 F.2d 1124, 1128 (3d Cir.1988)). Although the general rule is that there is no exhaustion requirement for Section 1983 claims, the Court finds the fact that Plaintiff did not seek a state court appeal of the Board decision on top of the fact that she also failed to attend the Board hearing, persuasive as to the question of whether she availed herself of procedural protections to remedy the Board's alleged error. *Alvin*,

---

only the allegations contained in the complaint, exhibits attached to the complaint, and matters of public record.'").

227 F.3d at 116. Plaintiff cannot state a claim for a due process violation on these facts. Her procedural due process claim is dismissed.

### F. Supplemental Jurisdiction

Finally, to the extent that Plaintiff's Section 1983 claims which this Court had original jurisdiction over have been dismissed, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law IIED claims. 28 U.S.C. § 1367 provides:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if –
>
> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Plaintiff's IIED claims are dismissed.

## IV. Conclusion

For the foregoing reasons, the Scocca Defendants' Motion to Dismiss (ECF No. 21) and the Pension Board Defendants' Motion to Dismiss (ECF No. 28) are granted and all of Plaintiff's claims are dismissed. An appropriate order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge