**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

JENITH FLEX,                                  :
               Plaintiff,                      :
                                        :
               v.                                 :      Civil No. 5:24-cv-06601-JMG
                                          :
ALLENTOWN POLICE PENSION FUND        :
ASSOCIATION, _et al._,                        :
               Defendants.                   :

_____

**ORDER**

    **AND NOW**, this   14th   day of May, 2025, upon consideration of Defendants George

and Dina Scocca's Motion to Dismiss (ECF No. 21), Plaintiff's Motion to Strike Defendants

George and Dina Scocca's Motion to Dismiss (ECF No. 22), Defendants George and Dina

Scocca's Brief in Opposition to Plaintiff's Motion to Strike (ECF No. 24), Plaintiff's Opposition

to Defendants' Motion to Dismiss (ECF No. 25), Defendants Allentown Police Pension Fund

Association, Matthew Tuerk, Jeff Glazier, Bina Patel, Cory Marsteller, Ryan Koons, Iboyla

Balog, Bryan Guzeley, James Gress, Daryl Hendricks, and Eric Stauffer's Motion to Dismiss

(ECF No. 28), and Plaintiff's Opposition to Defendants' Motion to Dismiss (ECF No. 29), **IT IS**

**HEREBY ORDERED** as follows:

1. Defendants George and Dina Scocca's Motion to Dismiss (ECF No. 21) is **GRANTED
   in part as to Plaintiff's** Count I and **DENIED in part** as to Counts II and III. **IT IS
   FURTHER ORDERED** that Plaintiff's Count I claims against George and Dina Scocca
   are **DISMISSED with prejudice**.

2. Plaintiff's Motion to Strike Defendants George and Dina Scocca's Motion to Dismiss
   (ECF No. 22) is **DENIED.**

3.  Defendants Allentown Police Pension Fund Association, Matthew Tuerk, Jeff Glazier, Bina Patel, Cory Marsteller, Ryan Koons, Iboyla Balog, Bryan Guzeley, James Gress, Daryl Hendricks, and Eric Stauffer's Motion to Dismiss (ECF No. 28) is **GRANTED. IT IS FURTHER ORDERED** that Plaintiff's Count I claims against Defendants Allentown Police Pension Fund Association, Matthew Tuerk, Jeff Glazier, Bina Patel, Cory Marsteller, Ryan Koons, Iboyla Balog, Bryan Guzeley, James Gress, Daryl Hendricks, and Eric Stauffer are **DISMISSED with prejudice.**[1]

4.  The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining  state law Intentional Infliction of Emotional Distress claims under 28 U.S.C.§ 1367(c)(3). **IT IS FURTHER ORDERED** that Counts II and III are **DISMISSED without prejudice**.


BY THE COURT:


/s/ John M. Gallagher
JOHN M. GALLAGHER
United States District Court Judge

---

[1] Plaintiff's 42 U.S.C. § 1983 claims against all Defendants are dismissed with prejudice because the Court has determined as a matter of law that Plaintiff does not have a protected property interest in her spousal pension benefits for purposes of her substantive due process claim, and Plaintiff was provided due process of law before she was allegedly deprived of these benefits. Therefore, amendment would be futile. "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (quoting *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1434 (3d Cir. 1997)). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Id.* Plaintiff's Complaint, as amended, would fail to state a valid Section 1983 claim upon which relief could be granted.